## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DANIEL ALAN BAKER,**
**# 25765-509,**

      **Plaintiff,**

**vs.**                                    **Case No.  4:21cv350-MW-MAF**

**WARDEN STRONG, et al.,**

      **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

An Order was entered on October 28, 2021, requiring the pro se Plaintiff to file a third amended civil rights complaint.  ECF No. 11.  When Plaintiff failed to comply by the deadline provided, a Report and Recommendation was entered to dismiss this case for failure to prosecute. ECF No. 12.  A week later, Plaintiff belatedly filed a third amended complaint ["complaint"].  ECF No. 13.

That complaint was reviewed and the Report and Recommendation vacated.  ECF No. 14.  Finding the complaint still deficient, an Order was entered on December 20, 2021, advising Plaintiff of various deficiencies.

*Id.*  Plaintiff was informed that if he desired to proceed with this case, he was required to file a fourth amended complaint no later than January 20, 2022.  *Id.* at 5.  Plaintiff was also warned that if he did not comply, a recommendation would be entered to dismiss this case.  *Id.* at 6.  As of this date, nothing further has been received from the Plaintiff and it appears that he has abandoned this lawsuit.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned as to the consequences if he failed to file the fourth amended complaint.  Thus, dismissal is appropriate.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 2, 2022.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.